IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**THUAN MINH PHAM,**

    **Petitioner,**

v.                                                    **Civil Action No. 1:17cv111**
                                                            **(Judge Kleeh)**

**JENNIFER SAAD, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On June 26, 2017, the *pro se* Petitioner, Thuan Minh Pham, an inmate then-incarcerated at FCI Gilmer[1] in Glenville, West Virginia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 along with a document styled as "Reply Brief and Motion to Change Designation to 28 U.S.C. § 2241 'Challenge to the Execution of a Sentence.'" ECF Nos. 1, 3. Petitioner also paid the $5.00 filing fee. ECF No. 2.  By Order entered September 25, 2017, Petitioner's "Reply Brief and Motion to Change Designation to 28 U.S.C. § 2241 'Challenge to the Execution of a Sentence'" was construed as a memorandum in support and redocketed accordingly as ECF No. 11. See ECF No. 10.

By Miscellaneous Case Order entered November 30, 2018, this case was reassigned from District Judge Irene M. Keeley to District Judge Thomas S. Kleeh.

---

[1] The Bureau of Prisons' ("BOP") online inmate locator indicates that Petitioner was released from prison on October 30, 2018. See FEDERAL BUREAU OF PRISONS, FIND AN INMATE, *available at*: https://www.bop.gov/inmateloc/ (last visited Apr. 22, 2019). On November 1, 2018, Petitioner filed a notice of change of address, indicating that he is now residing in Houston, Texas. See ECF No. 15.

This matter, before the undersigned for a Report and Recommendation pursuant to LR PL P 2, is ripe for review.

## II. Factual and Procedural History

### A. Conviction and Sentence[2]

On June 3, 2005, in the United States District Court for the Northern District of Texas, Petitioner pleaded guilty to one count of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a) and (b)(1)(C), and one count of possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1)(C) and 18 U.S.C. § 2. ECF No. 95, 140. On September 27, 2005, the district court sentenced Petitioner to concurrent 188 months terms of imprisonment on each count, and a three-year term of supervised release. ECF No. 117. Petitioner did not file a notice of appeal.

On February 6, 2012, Petitioner filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) [ECF No. 152]; it was denied on February 22, 2012. ECF No. 153.

On April 20, 2012, Petitioner filed a motion under 28 U.S.C. § 2255, alleging ineffective assistance of counsel as the basis for relief. ECF Nos. 155, 162. More specifically, Petitioner argued that his counsel failed to object to alleged errors in the presentence report and failed to inform him that the court improperly relied on these alleged errors in determining his sentence. On June 12, 2012, the district court denied Petitioner's § 2255 as untimely. See (N.D. Tex. ECF No. 4) (4:12-cv-00240-A).

---

[2] This information is taken from Petitioner's criminal docket in the United States District Court for the Northern District of Texas, No. 4:05-cr-056, available on PACER. Unless otherwise noted, the ECF referrals are to his criminal docket. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'")

On July 5, 2012, Petitioner filed a second motion under 18 U.S.C. § 3582(c)(2) raising the same grounds for relief as asserted in the motion filed on February 6, 2012. ECF No. 156. Accordingly, the second motion was denied for the same reasons outlined in the court's order of February 22, 2012. ECF No. 157.

On March 22, 2013, Petitioner filed a second motion to vacate under 28 U.S.C. § 2255. ECF No. 162. As grounds for relief, Petitioner complained that the court imposed an illegal sentence through misapplication of the sentencing guidelines. The district court concluded that it was the same claim raised in his first motion under § 2255, and on March 25, 2013, dismissed the petition as second or successive. See (N.D. Tex. ECF No. 4)(4:13cv00241-A).

On November 21, 2014, Petitioner filed a third motion under 18 U.S.C. § 3582(c)(2). ECF No. 166. It was denied on May 1, 2015. ECF No. 169.  On My 18, 2015, Petitioner filed a motion for reconsideration. ECF No. 170. By Order entered May 19, 2015, the motion for reconsideration was denied.  ECF No. 171. Petitioner filed a notice of appeal to the Fifth Circuit Court of Appeals. ECF No. 172. The appeal was dismissed on November 2, 2015 for failure to prosecute. ECF No. 174.

On February 29, 2016, Petitioner filed a Motion for Authorization to File a Second or Successive Motion to Vacate under 28 U.S.C. § 2255, alleging that he did not have the prerequisite number of prior convictions to qualify for a career offender enhancement. ECF No. 175.  On March 1, 2016, an order was entered transferring the motion to the United States Court of Appeals for the Fifth Circuit.  ECF No. 176.  On May 18, 2016, the Fifth Circuit denied the motion. In re Thuan Pham, No. 16-10224 (5th Cir. May 18, 2016).

On June 14, 2016, Petitioner filed another Motion for Authorization to File a Second or Successive Motion to Vacate in the Fifth Circuit Court of Appeals, arguing that pursuant to

3

Johnson³ and Welch,⁴ the district court improperly utilized an enumerated offense of robbery to sentence him as a career offender under § 4B1.2 of the sentencing guidelines. Petitioner's motion was denied on June 27, 2016. In re Thuan Pham, No. 16-10775 (5th Cir. June 27, 2016).

On March 1, 2018, Petitioner filed another motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) [ECF No. 185]; it was denied by Order entered March 2, 2018. ECF No. 186.

A. **The Petition**

Petitioner contends that: there is an unlawful detainer lodged against him; he is a Vietnamese citizen; and attempted placements in "alternate countries" have failed in the past because Vietnam will not accept the return of citizens who entered the United States prior to 1985. ECF No. 1 at 5. Accordingly, he asserts he is being barred from eligibility for "RDAP⁵ Programming, which was recommended" for him. Id.

In his construed memorandum in support, signed under penalty of perjury a month before he filed this case, Petitioner also raises claims that are inapplicable here because they are against individuals who are not parties to this case, but rather, parties in a previous case.⁶ See ECF No. 11

---

³ Johnson v. United States, 135 S.Ct. 2551 (2015).

⁴ Welch v. United States, 136 S.Ct. 1257 (2016).

⁵ RDAP is an acronym for the BOP's Residential Drug Abuse Program, an intensive nine-month, 500-hour substance abuse rehabilitation program offered to qualifying federal prisoners. Upon successful completion of the program, prisoners who meet the necessary criteria are eligible for up to a 12-month reduction of their sentence and possibly six months in a halfway house depending on how many months they have left on their sentence.

⁶ A careful review of Petitioner's "Reply Brief and Motion to Change Designation to 28 U.S.C. § 2241 'Challenge to the Execution of a Sentence'" that has been construed here as a memorandum in support reveals that Petitioner originally filed it as a petition for habeas relief in Case No. 3:17cv66, which, after being docketed as a petition pursuant to 28 U.S.C. § 2241, was dismissed after a 30-day Notice of Intent to Dismiss for its failure to comply with the Local Rules of Prisoner Litigation Procedure. Petitioner then refiled that petition pursuant to 28 U.S.C. § 2241 as the instant case, albeit now on a court-approved § 2241 form, along with this "memorandum." Nonetheless, it is apparent that Petitioner must have originally filed it in another action and is "recycling" it here, despite the fact that it alleges claims against non-parties to this action.
  Further, a PACER review of Petitioner's filings here and in other jurisdictions reveals that Petitioner has raised some or all of these same claims previously, in habeas as well as civil rights actions. Indeed, he currently has another § 2241 action pending in this Court, Case No. 5:18cv33, filed eight months after this one, in which, *inter alia*, he also

at 2. The construed memorandum also is clearly responding to argument by "the government" which has not a part of this record and seeks "a hearing on the issues of his discriminatory execution of a simple Federal Sentence . . . and the Constitutional Right to Equal Treatment as other inmates." See id. at 6.

As relief, Petitioner requests that the "illegal" detainer be removed, and that the "ban" on RDAP be overruled. ECF No. 1 at 8.

## IV. Analysis

Article III of the United States Constitution limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3rd Cir. 1996). In the context of a habeas corpus proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Leonard v. Hickey, 2009 WL 1939174 at 2 (S.D. W.Va. 2009)(quoting Braden v. 30th Judicial Cir. Ct. of Ky, 410 U.S. 484, 494-95 (1973)). If the respondent can no longer provide the requested relief, then the court cannot consider the petition. Id.

In the instant case, Petitioner seeks to have his "illegal" detainer removed, and the "ban" on his participation in RDAP lifted. On October 30, 2018, Petitioner was released from BOP

---

makes a claim that his "illegal" detainer is preventing his access into RDAP. See Case No. 5:18cv33, ECF No. 1-1 at 6. See also N.D. W.Va. Case 5:16cv176 and D. Miss. Case No. 5:14-cv-67-DCB-MTP.

Finally, while having no bearing on his instant habeas claims, the undersigned also notes that a March 6, 2019 PACER review of Petitioner's filings indicates that not only has he filed numerous habeas actions in various jurisdictions raising repetitive claims, he has also filed at least two Federal Tort Claim Act ("FTCA") actions, the first which was dismissed for failure to state a claim upon which relief can be granted, and another, subsequently filed raising the exact same claims, which was dismissed as frivolous. See N.D. Tex. 4:08cv145 and N.D. Tex. 4:16cv248. Accordingly, he is listed on the National *Pro Se* Three Strikes database as having at least two strikes.

custody. Because Petitioner's release from the BOP has mooted his claim that the detainer is preventing his eligibility for the RDAP program, there is no further relief which this Court can grant, and the case should be dismissed.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED as moot** and that this matter be **STRICKEN from the active docket of this Court.**

The Petitioner is notified that this Report and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas S. Kleeh, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the **Petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Report and Recommendation within which to file with the Clerk of this Court**, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12. Extension of this time period may be granted by the presiding District Judge for good cause shown.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985);

Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  A copy of such objections shall be served on Judge Kleeh.

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address as shown on the docket.

Further, upon entry of this Report and Recommendation, the Clerk is also **DIRECTED** to terminate the Magistrate Judge association with this case.

DATE: April 23, 2019

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE