IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**THUAN MINH PHAM,**

    **Petitioner,**

v.                                                         **Civ. Action No. 1:17-cv-111**
                                                                       **(Judge Kleeh)**

**JENNIFER SAAD, Warden,**

    **Respondent.**

**MEMORANDUM OPINION AND ORDER AFFIRMING AND ADOPTING**
**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE [DKT. NO. 17]**

On June 26, 2017, Thuan Minh Pham ("Petitioner") filed a *pro se* Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus requesting that the "illegal" detainer against him be removed, and that a "ban" on his participation in the Residential Drug Abuse Program ("RDAP") be overruled [Dkt. No. 1]. At the time, he was an inmate then-incarcerated at FCI Gilmer[1] [Id.]. He also filed a document titled "Reply Brief and Motion to Change Designation to 28 U.S.C. § 2241 'Challenge to the Execution of a Sentence'" [Dkt. No. 3]. By September 25, 2017, Order, Petitioner's "Reply Brief and Motion to Change Designation to 28 U.S.C. § 2241 'Challenge to the Execution of a Sentence'" was construed as a memorandum in support and redocketed [Dkt. No. 10].

---

[1] The Bureau of Prisons' ("BOP") online inmate locator indicates that Petitioner was released from prison on October 30, 2018. See FEDERAL BUREAU OF PRISONS, FIND AN INMATE, *available at*: https://www.bop.gov/inmateloc/. On November 1, 2018, Petitioner filed a notice of change of address, indicating that he is now residing in Houston, Texas [Dkt. No. 15].

**MEMORANDUM OPINION AND ORDER AFFIRMING AND ADOPTING
REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE [DKT. NO. 17]**

Pursuant to 28 U.S.C. § 636 and Local Rule of Prisoner Litigation Procedure ("LR PL P") 2, the Court referred the case to the Honorable Michael J. Aloi, United States Magistrate Judge, for an initial review and report and. On April 23, 2019, the magistrate judge entered a Report and Recommendation ("R&R") recommending that the §2241 petition be denied and that this matter be dismissed as moot. In the R&R, the magistrate judge also informed Petitioner of his right to file objections to the recommendation within 14 days of being served [Dkt. No. 17 at 6]. Petitioner received the R&R on May 2, 2019 [Dkt. No. 18]. To date, no objections or other pleadings have been filed.

For the reasons articulated below, this Court finds that the magistrate judge's R&R should be affirmed and adopted in its entirety.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of the recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous" or "contrary to law." See Webb v. Califano, 468 F.Supp. 825 (E.D. Cal. 1979); See also 28 U.S.C. 636(b)(1)(A). Thus, the report and recommendation of the magistrate judge in this case will be reviewed for clear error.

**MEMORANDUM OPINION AND ORDER AFFIRMING AND ADOPTING
REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE [DKT. NO. 17]**

Because, during the pendency of this case, the Petitioner has been released from BOP custody, the magistrate judge found that the Petitioner's § 2241 Petition should be dismissed as moot. This Court finds no clear error in the recommendation of the magistrate judge. The relief that the Petitioner requested in his § 2241 petition is no longer available.

Accordingly, this Court **AFFIRMS** and **ADOPTS** the magistrate judge's Report and Recommendation [Dkt. No. 17] in its entirety. The Petitioner's § 2241 petition [Dkt. No. 1] is **DENIED AND DISMISSED AS MOOT**. Under Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985), the Petitioner's failure to object to the magistrate judge's recommendation bars the Petitioner from appealing the judgment of the Court. It is **ORDERED** that this case be **DISMISSED** and **STRICKEN** from the active docket of this Court. The Court further **DIRECTS** the Clerk to enter judgment on this matter.

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to transmit copies of this Order to *pro se* Petitioner, by certified mail, return receipt requested.
**DATED**: September 23, 2019.

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE